## Commonwealth v. Martin

*William F. Morgan*, for Commonwealth.
*Jeffrey Lundy*, for defendant.

WOLFE, *P.J.*, August 8, 1979—On March 6, 1979, defendant was arrested for violation of section 4941(a) of the Vehicle Code, 75 Pa.C.S.A.

§4941, by the operation of a tri-axle dump truck loaded with coal having a weight of 85,430 pounds when the allowable weight under the act is 73,280 pounds.

The arresting officer, a Pennsylvania State Trooper, was stationed at the intersection of Buchanan and Pennsylvania Avenue East, and observed the approach of defendant's vehicle with two other vehicles following. He noted the coal was heaped up considerably over the sideboards indicating to him that it was possibly overweight.

After the arrest the vehicle was taken to the nearest available weighing station in the Borough of Warren where the weigh-out was made. A borough officer was standing in the scalehouse and noted the weight as indicated on the scale. This officer, Officer Wachter, is a certified weighmaster having been certified on June 7, 1977, by the Department of Agriculture. As a part of the Commonwealth's case in chief it presented a photograph of the certification of the scales depicting a certificate or sticker, approved by the Department of Agriculture and bearing the date of August, 1978; however, the officer was uncertain of the exact date.

At the conclusion of the Commonwealth's case defendant presented no defense. We found defendant guilty as charged.

Defendant argues there was no probable cause to initiate the stop of the vehicle. We disagree. A reasonable man could conclude as the officer did by his observation and experience that a violation was in modus. The arresting officer, Timothy A. Baker, testified he had been weighing vehicles approximately ten years as a state trooper. He has experience in weighing both tri-axle and tractor-trailers and stated that one of the things he looks for is coal

being heaped up on the trailer portion or the dump portion; generally, if the coal can be seen at all in the trailer bed, if a tractor-trailer, 99 percent of the time it is overloaded. We conclude this officer had sufficient experience and observation to form probable cause that a crime was underway in that the truck was overweight.

Next, defendant asserts the Commonwealth has failed to prove the accuracy of the scales. Defendant analogizes the certification of the accuracy of the scales to a breathalyzer and maintains it is the duty of the Commonwealth, in order to prove defendant guilty beyond a reasonable doubt, to prove the accuracy of the scales. Defendant candidly admits he has found no appellate court cases on this issue.

In turn, the Commonwealth argues the cases cannot be equated to the breathalyzer accuracy cases or the radar cases because defendant is protected under the weight cases. He may ask for a reweigh; if he asks for it forthwith then he must be taken to other scales that are certified and that is where the certification requirements come in. The Commonwealth asserts the accuracy element is not at the stage of the initial weighing. We agree.

The statute is silent as to the duty of the Commonwealth to prove accuracy of the scales. Indeed, there is no duty on the part of the Commonwealth to prove that the scales have been certified by the Department of Agriculture. We agree with the Commonwealth that it is only on the reweigh request, section 4981(d), that the driver may elect to have the vehicle reweighed on the nearest available scales, sealed by the Department of Agriculture. We think this is particularly true since the officers may weigh vehicles by means of a portable scale. Section 4981(a) only requires that the weigh-

ing be conducted by a qualified person who has been trained in the use of weighing and measuring equipment in a training program approved by the Department of Agriculture.

The court is not permitted to establish a standard not set down by the legislature in cases of this nature. The legislature has spoken to the procedure and requirements of the Commonwealth in weighing vehicles and the authority of the police officer in this regard. The certification that the Department of Agriculture has affixed to the scales merely indicates that the scales are proper for weighing for any purposes. Clearly the legislature is aware of questions of accuracy because it made this a test in the radar statutes for the speed of vehicles and the certificates of the types of instruments used for the breathalyzer examination for charges of driving while under the influence.

Finally, the argument the Commonwealth failed to identify defendant as the operator during the course of the hearing is without merit. It is true the Commonwealth simply cannot prosecute a person at random; however, this case comes before us from appeal from the magistrate court which leaves us with the conclusion that if the defendant who appears before the court is not, in fact, the one who was operating the vehicle then this party has committed, together with his counsel, a great fraud upon the court.

It is for these reasons we enter the following

## ORDER

And now, August 8, 1979, after evidentiary hearing the court finds defendant guilty as charged.